# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv115

| | |
|---|---|
| PATRICK LAYNE GRIFFIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____) | **ORDER OF REMAND** |

**THIS MATTER** is before the Court on the parties' Consented to Motion for Reversal and Remand pursuant to Sentence Four of 42 U.S.C. §405(g) [Doc. 11].

Sentence four of 42 U.S.C. §405(g) provides in pertinent part, "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The parties have moved for reversal of the decision of the Defendant and remand for further administrative proceedings.

Specifically, the parties ask that the Appeals Council vacate the current decision and remand the case to an ALJ who will hold a de novo hearing. The ALJ will be directed to obtain supplemental vocational expert testimony to clarify the impact of the postural limitations in the claimant's residual functional capacity on the vocational base including the extent to which jobs exist at the medium exertional level that require no more than occasional stooping and crouching. The ALJ will then issue a new decision based on all of the evidence of record. Based on the representations of the parties, the Court finds that reversal and remand are appropriate. Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

**IT IS, THEREFORE, ORDERED** that the parties' Consent Motion for Reversal and Remand pursuant to Sentence Four of 42 U.S.C. §405(g) [Doc. 11] is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is hereby **REVERSED** and the case is **REMANDED**; and

**IT IS FURTHER ORDERED** that upon remand, the Appeals Council vacate the current decision and remand the case to an ALJ who will hold a de novo hearing. The ALJ will be directed to obtain supplemental vocational expert testimony to clarify the impact of the postural limitations

in the claimant's residual functional capacity on the vocational base including the extent to which jobs exist at the medium exertional level that require no more than occasional stooping and crouching. The ALJ will then issue a new decision based on all of the evidence of record.

A Judgment of Remand is entered simultaneously herewith. The Clerk of Court is notified that this is a final judgment closing the case.

Signed: September 25, 2010

Martin Reidinger
United States District Judge