IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv115

PATRICK LAYNE GRIFFIN, )
)
      Plaintiff, )
)
   vs. ) **MEMORANDUM OF**
) **DECISION AND ORDER**
MICHAEL J. ASTRUE, )
**Commissioner of Social Security,** )
)
      Defendant. )
)
_____ )

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act. [Doc. 14].

**I.**    **PROCEDURAL HISTORY**

The Plaintiff Patrick Layne Griffin initiated this action on June 7, 2010, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on September 2, 2010. [Doc. 8].

Thereafter, the Commissioner filed a Consent Motion for Remand. [Doc. 11]. On September 27, 2010, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 12].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $846.54, plus costs. The Plaintiff further requests that the Court allow him 60 days after being served with notice of an award of past-due benefits to file for fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). [Doc. 14]. In response, the Government states that the parties have agreed to the amount of $781.54 for attorney's fees to be made payable to the Plaintiff by the Social Security Administration and reimbursement for costs of $350.00 for the initial filing fee from the Judgment Fund, in full settlement and satisfaction of any and all claims for attorney's fees pursuant to the EAJA. [Doc. 16].

II. ANALYSIS

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that

"special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner consents to the Plaintiff's particular request for fees. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. The parties have agreed that the Plaintiff should be awarded a total of $781.54 in attorney's fees and $350 in costs. In support of this request, the Plaintiff submits documents showing the Consumer Price Index for March 1996 and August 2010[1], respectively, as well as affidavits of counsel and billing

---

[1]As the Order of Remand was actually entered in September 2010, the Court will calculate using the September 2010 CPI-U rate of 218.44, which is incrementally more

records detailing the hours claimed by attorneys and paralegals in preparing this case. [Docs. 15-1 to 15-4].

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. Payne v. Sullivan, 977 F.2d 900, 901 (4th Cir. 1992).

---

favorable to Plaintiff.

The Consumer Price Index data published by the Bureau of Labor Statistics reflects that the cost of living increased from 155.7 in March 1996, the date that the statutory rate of $125 per hour was established, to 218.44 in September 2010, the date of the Court's Judgment remanding this case, an increase of 40.3%. The Court finds that this increase in the cost of living justifies a corresponding increase in the hourly rate for attorney's fees in this case. The Court further finds that this higher hourly rate is consistent with the prevailing market rates for services charged by lawyers of similar talents and experience in this District. Accordingly, the Court concludes that an award of attorney's fees in this claim is reasonable when based upon an hourly rate for attorney work of $175.37.

The Plaintiff also claims fees for paralegal services performed at the hourly rate of $65.00 per hour. Plaintiff must prove that the claimed hourly rate for this work is in keeping with "prevailing market rates" for paralegals in this District. See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 128 S.Ct. 2007, 2012, 170 L.Ed.2d 960 (2008). In this District, paralegal services have been compensated for a significant period at a rate of $65.00 per hour. The Court concludes the rate claimed is reasonable.

Furthermore, upon careful review of counsel's time sheets and affidavits, the Court finds that the total number of hours (7.85) claimed as having been worked on this matter by Plaintiff's attorneys (3.05) and paralegal staff (4.8) is reasonable.

Based upon the reasonableness of the hours and rates claimed by Plaintiff, and the fact that the sum agreed between the parties falls within that reasonable range, the Court concludes that the fee award agreed between them,$781.54, is justified.

Next, the Plaintiff requests that the fee award be paid directly to his attorney, pursuant to an assignment he made of such fees. [Doc. 14-1].

Recently, a split[2] among the federal circuits over a custom of EAJA fees being awarded directly to a prevailing party's attorney was addressed by the U.S. Supreme Court in Astrue v. Ratliff, 560 S.Ct.—, 2010 WL 2346547 (June 14, 2010). The Court clarified that the "prevailing party"

---

[2] The 4th, 10th and 11th Circuits held that EAJA fees are payable only to the prevailing claimant, and thus, such fees are subject to administrative offset for any other non-tax debts that the claimant owes to the Government. See Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 137 (4th Cir. 2009), Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir.), cert. denied, 129 S.Ct. 724, 172 L.Ed.2d 730 (2008); Manning v. Astrue, 510 F.3d 1246, 1252 (10th Cir. 2007), cert. denied, 129 S.Ct. 486, 172 L.Ed. 355 (2008). The 6th and 8th Circuits had held that EAJA fees may be awarded directly to the prevailing party's attorney and cannot be used to offset the claimant's debt. See Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008), cert. granted, – S.Ct. –, 2009 WL 1146426 (Sep. 30, 2009); King v. Comm'r of Soc. Sec., 230 F. App'x 476, 481 (6th Cir. Mar. 28, 2007).

entitled to benefits under the EAJA is the claimant, not his attorney. Astrue at *4-7.

The parties propose that after a reasonable period for determination whether Plaintiff owes an offset-qualifying debt, if the Plaintiff does, the EAJA fees will go first to satisfy the debt and then, made payable to Plaintiff, mailed to counsel. [Doc. 16]. If there is no debt, Plaintiff's assignment of EAJA fees will be honored via a direct payment to counsel. [Id.]

The Court does not read Ratliff as precluding a payment arrangement such as the one the parties have suggested. Two cases in the Western District of Virginia have honored such fee assignments after Ratliff, by ordering that counsel be the direct payee of EAJA fees. Hinkle v. Astrue, 2010 WL 3909916 (W.D.Va.,2010), Powers v. Astrue, 2010 WL 2772660 (W.D.Va.,2010). Other cases around the country have held likewise in the five months since the Supreme Court's decision.[3]

---

[3] Beshears v. Astrue, 2010 WL 3522469 (W.D.Ark. Sep. 2, 2010) (pursuant to Ratliff "these fees must be awarded to Plaintiff, not to Plaintiff's attorney ... [h]owever, if Plaintiff has executed an assignment to Plaintiff's counsel of all rights in an attorney fee award, and if Plaintiff owes no outstanding debt to the federal government, the attorney fee award may be awarded to Plaintiff's attorney"); Patterson v. Commissioner, 2010 WL 3211139 (N.D.Ohio Aug. 11, 2010) (directing payment to the lawyer where there is an assignment in contract-"In such a case, the payment of an EAJA award directly to plaintiff, a party who no longer holds any legal right to such an award, is without legal justification. Rather, the award should be paid directly to the party to whom plaintiff has

7

In addition, the chronology of this case and the particulars of the parties' agreed schedule are distinguishable from the facts in Ratliff. The issue in Ratliff was whether the application of the set off rule was mandatory in the face of a fee assignment. It did not address the question of whether the government could honor assignments in the absence of such debt. The cases that have analyzed the affect of Ratliff on assignments in the five months since the Supreme Court's decision treat the government's offset obligations and attorneys' rights under assignments as competing but not entirely incompatible interests.

The proposed mechanism for payment harmonizes those interests.

---

assigned the right to receive the award, the plaintiff's attorney. Moreover, to do otherwise would run the risk of unnecessary litigation if plaintiff, upon receiving an award to which plaintiff is no longer entitled, refuses to give that award to plaintiff's attorney despite a contractual assignment of the award"); Castaneda v. Astrue, 2010 WL 2850778 (C.D.Cal. July 20, 2010) ("The Court concludes that in light of the assignment, the amount awarded herein, subject to any legitimate offset, should be paid directly to Plaintiff's counsel."); Watson v. Astrue, 2010 WL 2903955 (W.D.La. July 19, 2010) ("While Ratliff makes it clear that the attorney fee award is the property of the plaintiff, the prevailing party, counsel also has an interest in ensuring her nonstatutory fee rights are satisfied. Therefore, the undersigned will order the fees be made payable to both counsel and claimant. Counsel for the Commissioner has been contacted and has no objection to the award being issued in both counsel and claimant's names."); Booker v. Astrue, 2010 WL 2771875 (S.D.Ind. July 13, 2010) ( [claimant's attorney] attached an assignment to her reply ... and the Government did not challenge its validity. Therefore, the Government shall pay the EAJA fee award directly to [claimant's] attorney."). Other cases have held to the contrary. Johnson v. Astrue, 2010 WL 4094360 at *2 (E.D.Ark, 2010).

8

Its "if-then" approach fully covers the requirements of Ratliff, should an offset-qualifying government debt turn out to exist. The proposal's inclusion of direct payment to counsel if there is no debt honors the assignment interest and does not appear to be precluded by Ratliff. There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt.[4] *See* Ratliff, 130 S.Ct at 2530. Subsequent cases have made that observation. Preston v. Astrue, 2010 WL 3522156 at *2 (M.D.Fla.,2010), Boykin v. Astrue, 2010 WL 3339502 at *1 n.1 (S.D.Ala.,2010).

The exact plan that the parties propose here - honoring the assignment through direct payment to counsel if no debt is found to exist - was acknowledged in Ratliff as an agency practice that continued after the

---

[4]The concurrence in Ratliff addressed this more directly. It noted that the ruling simply settles in the negative the narrow question whether EAJA obligates the agency to make EAJA payments payable to the attorney, as had often been argued theretofore. Ratliff, 130 S.Ct. at 2530 (Sotomayor, concurring). That question is inapplicable here, where no one argues such an obligation. The parties have negotiated their proposed schedule. In addition it recognized the right of litigants to assign their interest in EAJA fees, and that assignments are governed by their terms but not by EAJA. Id., quoted in Johnson v. Astrue, 2010 WL 4094360 (E.D.Ark. 2010). Finally, the concurrence stressed that "[t]he EAJA's admirable purpose will be undercut if lawyers fear that they will never actually receive attorney's fees to which a court has determined the prevailing party is entitled." Id.

offset rule went into effect in 2005. Ratliff, 130 S.Ct. at 2529. No explicit ruling against that practice has been handed down. The Middle District of Florida has interpreted that acknowledgment an implicit ratification of that practice by the Supreme Court. Collins v. Astrue, 2010 WL 4023545 at *2 (M.D.Fla.,2010), Young v. Commissioner of Social Sec., 2010 WL 3043428 at *2 (M.D.Fla.,2010), Ford v. Astrue, 2010 WL 2991497 at *2 (M.D.Fla.,2010), Davis v. Commissioner of Social Sec., 2010 WL 2871118 at *3 (M.D.Fla.,2010).[5] The Commissioner himself has argued that Ratliff implicitly ratified the practice that the parties propose here. Viator v. Astrue, 2010 WL 2942632 at *1 (M.D.Fla.,2010).

Although some courts have not honored assignments after Ratliff, in many of those cases the government contested the validity of the assignment and/or the court was simply disinclined to delve into the logistics of determining whether an offset-qualifying debt existed. Neither of those problems is present here.

The manner of distribution proposed by the parties satisfies the Court that the government will discharge its duty as to the determination in a

---

[5] Of the Florida cases, the court did honor the assignment by leaving "to the parties the issue of to whom the fees shall be paid" in one instance (Collins), and did not honor the assignment because nothing addressed the question of claimant's debt status in three instances (Davis, Young and Ford). The parties' proposal provides a mechanism for determining debt status in the case at bar.

timely manner, gives some effect to the assignment Plaintiff voluntarily made, and is agreed to by both parties. The Court will not disturb these consensual arrangements, for the reasons discussed above. [Doc. 16].

Accordingly, the Court concludes that the award of EAJA fees is payable in the manner agreed upon between the parties as reflected in Defendant's Consent Motion. [Doc. 16].

# O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 14] is hereby **GRANTED**, and:

(1) The Clerk of Court shall enter judgment in favor of the Plaintiff and against the Defendant in the amount of $781.54 for attorney's fees awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d).

(2) The Plaintiff is further awarded $350.00 in costs, to be certified by the Office of the United States Attorney to the Department of Treasury for payment from the Judgment Fund.

(3) Defendant shall inform Plaintiff's counsel whether Plaintiff owes a debt to the government by which this fee award may be offset no later than 30 days from the entry of this Order.

(4) Within 90 days from the entry of this Order, Defendant shall distribute the sums awarded herein in the manner set out in his Consent Motion. [Doc. 16].

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: December 16, 2010

Martin Reidinger
United States District Judge