# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv115

| | |
|---|---|
| PATRICK LAYNE GRIFFIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees under the Social Security Act [Doc. 24].

## PROCEDURAL HISTORY

On June 7, 2010, the Plaintiff initiated this action seeking judicial review of the Commissioner's decision to deny his application for Social Security Disability Insurance Benefits. [Doc. 1]. On September 27, 2010, this Court granted the parties' Consented to Motion for Remand under Sentence Four of 42 U.S.C. §405(g). [Doc. 12]. Judgment was entered on the same date. [Doc. 13]. On December 16, 2010, this Court granted the parties' Consent Motion for Entry of Order Accepting the Parties' Settlement Agreement on

Attorney's Fees and Reimbursement for Filing Fees. [Doc. 17]. As a result, the Plaintiff's attorney received the sum of $781.54 as attorney's fees awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d). [Doc. 25 at 2].

In October 2011, the Plaintiff's attorney moved for an award of attorney's fees pursuant to the Social Security Act, 42 U.S.C. §406(b), after learning that on remand, a favorable decision had been issued to the Plaintiff. [Doc. 21]. That motion was withdrawn, however, when counsel learned that the agency had not yet finalized the computation of the past-due benefits award. [Doc. 23]. Thus, although the Plaintiff's attorney was notified in August 2011 that the Plaintiff had been found entitled to monthly disability benefits, counsel was not notified of the final computation of past-due benefits until June 22, 2012. [25-1; Doc. 25-3]. This motion, filed on July 10, 2012, is therefore timely. McGraw v. Barnhart, 450 F.3d 493 (10th Cir. 2006) (noting that §406(b) does not contain a time limit for fee requests and finding that a motion made within a reasonable time).

The Plaintiff received an award of past due benefits in the amount of $100,414.00. [Doc. 25]. The Notice of Award contained a notification that the Social Security Administration was withholding 25 percent of that award, or

2

the sum of $25,103.50, from the past due benefits to be applied to any award of attorney's fees. [Doc. 25-3]. The Plaintiff and his attorney had a contingency fee agreement pursuant to which any such award could not exceed 25 percent of the past due benefits. [Doc. 25-2].

Counsel notes that the attorney who represented the Plaintiff before the agency has been awarded fees in the amount of $10,000.00 for services rendered at the agency level.[1] [Doc. 25 at 2]. The amount of fee sought for representation of the Plaintiff before this Court is $4,725.75, an amount to which the Defendant consents. [Doc. 26].

## DISCUSSION

42 U.S.C. §406(b) provides that "the court may determine and allow as part of its judgment a reasonable fee" for representation of the claimant before the court. 42 U.S.C. §406(b)(1)(A). The fee may not exceed 25 percent of the total past due benefits awarded to a claimant and is payable out of that award. Id.

In Gisbrecht v. Barnhart, 535 U.S. 789, 795-56, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), the Supreme Court announced "the legal framework to

---

[1] Federal courts do not have jurisdiction to make fee awards for professional representation at the administrative level because the Commission alone has that authority. Mudd v. Barnhart, 418 F.3d 424, 427 (4th Cir. 2005) (citations omitted).

be used for awarding attorney's fees under §406(b) for the successful in-court representation of a Social Security benefits claimant who has signed a contingent-fee agreement." Mudd, 418 F.3d at 427.

> The [Supreme] Court ... embraced the primacy of lawful attorney-client fee agreements, concluding that §406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, ... §406(b) simply instructs a court to review the agreement for reasonableness.

Mudd, 418 F.3d at 428 (internal quotation and citation omitted).

Although the Plaintiff's agreement with counsel would allow him to seek 25 percent of the past-due award, counsel seeks the sum of $4725.75 to compensate him for the time expended by him and his paralegal. [Doc. 25-5 at 2]. The Defendant consents to an award in this amount. The Court therefore finds that the services rendered in this Court were appropriate and reasonable to the relief sought. Craig v. Secretary, 864 F.2d 324, 326 (4th Cir. 1989), abrogated on other grounds by Gisbrecht, 535 U.S. 789.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees under the Social Security Act [Doc. 24] is hereby **GRANTED** and an award of attorney's fees in the amount of Four Thousand Seven Hundred

4

Twenty-Five Dollars and Seventy-Five Cents ($4,725.75) pursuant to 42 U.S.C. §406(b)(1)(A) is hereby approved.

**IT IS FURTHER ORDERED** that the Plaintiff's attorney is hereby instructed to return to the Plaintiff the sum of $781.54 representing the fee he received pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which have been withheld for such purpose pursuant to Title II of the Social Security Act.

Signed: August 2, 2012

Martin Reidinger
United States District Judge